COMMON PLEAS COURT
WARREN COUNTY OHIO
FILED

2015 AUG 10 PM 2:43

JAMES L. SPAETH
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS OF WARREN COUNTY, OHIO
### CIVIL DIVISION

| | |
|---|---|
| Deborah Cain<br>731 Martha Drive<br>Franklin, Ohio 45005,<br><br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br>c/o Business Filings Incorporated<br>3011 American Way<br>Missoula, MT 59808,<br><br>Defendant. | Case No. **15 CV 87593**<br><br>JUDGE **JUDGE GILB**<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**<br><br>**Jury Demand Endorsed Herein** |

### INTRODUCTION

1.  This is an action for damages brought by a consumer against Defendant for breach of contract and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Id.

## FACTUAL ALLEGATIONS

2. Plaintiff Deborah Cain is a natural person residing at 731 Martha Drive, in the City of Franklin, County of Warren, and State of Ohio.

3. Defendant is Stellar Recovery, Inc., (hereinafter "Stellar"), a Montana debt collections company operating from an address at 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901. Defendant does business collecting debts in the State of Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly purchases debts and engages in collection of those debts. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §§ 1692a(3) and 1692c(d).

7. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Plaintiff became over extended dealing with personal, family, and financial issues.

9. Because of these problems, Plaintiff was unable to make payment on a her Household Finance account, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

10. At some time prior to April 26, 2013, the alleged Debt was consigned, placed, sold, or otherwise transferred to Stellar.

11. On or about April 26, 2013, Stellar agreed to settle the account for $3,089.28 to be paid by April 30, 2013. A redacted copy of the settlement letter is attached as Exhibit A.

12. Plaintiff, through the assistance of counsel, paid the settlement amount of $3,089.28 over the telephone on April 29, 2013.

13. Plaintiff made the payment pursuant to the terms of the settlement letter.

14. On or about December 31, 2014, Stellar sent a collection letter to Plaintiff claiming that the account still had a balance of $7,872.90 and proposed a settlement offer. A redacted copy of that letter is attached as Exhibit B.

15. In January of 2015, Plaintiff pulled her credit reports from Experian, Equifax and TransUnion.

16. On all of her credit reports, Stellar continued to report a balance due over a year and a half after the settlement amount was paid.

17. Plaintiff disputed the balance reported by Stellar with Equifax, Experian and TransUnion.

18. To date, Plaintiff has received notice from all three credit reporting agencies that her account information was corrected as a result of the dispute.

19. Although the account information was corrected after the dispute, Stellar attempted to collect on the debt and inaccurately reported the balance on Plaintiff's account for over a year after the terms of the settlement agreement were satisfied.

20. As a result of Defendant's actions, Plaintiff has suffered emotional distress and embarrassment.

## FIRST CLAIM FOR RELIEF
(Violations of the FDCPA)

21. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the amount and legal status of the alleged Debt.

(b) Defendant violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by law or agreement.

23. As a result of the above averments, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs in an amount in excess of $25,000.00, of which the exact amount will be proven at trial.

## SECOND CLAIM FOR RELIEF
Breach of Contract

Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Plaintiff and Defendant entered into a contract whereby Defendant agreed to settle Plaintiff's account for $3,089.28 as settlement in full.

25. Plaintiff made the payment in full and on time according to said contract.

26. Defendant received the payments from the original balance but then continued to report that Plaintiff owed a balance.

27. As a result of this breach, Plaintiff has suffered extreme economic, emotional, mental, and physical hardship.

28.     As a result of the above averments, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA and was a breach of contract, as well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs in an amount in excess of $25,000.00, of which the exact amount will be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and each of them for the following:

   a.  Declaratory judgment that Defendant's conduct violated the FDCPA;

   b.  Actual damages;

   c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

   d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   e.  For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

LUFTMAN, HECK & ASSOCIATES, LLP


*/s/ Katherine Wolfe*

Jeremiah E. Heck (0076742)
Katherine L. Wolfe (0086356)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
kwolfe@lawLH.com
Attorneys for Plaintiff

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT
BY Heidi Houseman
DEPUTY

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

*/s/ Katherine Wolfe*
Jeremiah E. Heck (0076742)
Katherine L. Wolfe (0086356)

18772775520    Stellar Recovery INC         Stellar Recovery         03:19:53 p.m.   04-26-2013        2/2

# Stellar Recovery Inc
Toll Free: 888-318-7045  Fax: (877) 277-5520
1327 Hwy 2 West, Suite 100
Kalispell, Montana 59901

| | |
|---|---|
| Original Creditor: | HOUSEHOLD FINANCE |
| Creditor: | STELLAR RECOVERY, INC |
| Original Account No.: | ████████1186 |
| Our File#: | 5828726 |
| Original Amount Owed: | $7,632.86 |
| Current Amount Due (includes interest, minus any payments) : | $8,102.14 |
| Settlement Amount: | $3,089.28 |

Cain Deborah
731 MARTHA DR
FRANKLIN, OH 45005



4/26/2013

Dear Cain Deborah:

Stellar Recovery Inc has agreed to settle in full the balance of $8,102.14 on the above referenced account for a payment of $3,089.28. Please remit $3,089.28 by 4/30/2013.

Once we have received payment that has been successfully processed this account will be considered settled in full.

Sincerely,
Collections Department

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

ADDITIONAL INFORMATION REGARDING SETTLEMENTS: If, after settlement, the amount forgiven is greater than $599.99, our client may be required by federal law (IRS 6050P) to report this amount and send you a Form 1099-C.

*[Handwritten notes: 5828726 / SIF - 4-29-13 / Stellar owned / #227011]*

SO Letter No. 1 (SO) (Rev. 12/08/2010)


EXHIBIT A



